UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES RODRIGUEZ, JR., | ) | CIVIL ACTION NO. 3:23-CV-1460 |
| Plaintiff | ) | |
| | ) | (MUNLEY, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| AGENT CAIN, *et al.*, | ) | |
| Defendants | ) | |

### MEMORANDUM OPINION

**I.     INTRODUCTION**

James Rodriguez, Jr. ("Plaintiff") initiated this *pro se* civil rights case on September 5, 2023, with the filing of a Complaint. (Doc. 1). Plaintiff's Complaint centers on six search warrants issued in January of 2022. Plaintiff alleges that five Federal Agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and a Kington Police Officer violated his civil rights during the execution of those warrants.

Currently before the Court is the Federal Defendants' Motion to Stay Civil Proceedings Pending Criminal Prosecution. (Doc. 17). For the reasons set forth in this Memorandum Opinion the Federal Defendants' Motion will be granted and this case will be stayed pending resolution of Plaintiff's active criminal prosecution in the Middle District of Pennsylvania.[1]

---

[1] Indictment, *USA v. Rodriguez*, No. 3:22-CR-00023-RDM (M.D. Pa. Jan. 25, 2022), ECF No. 1.

Page 1 of 14

## II.     BACKGROUND AND PROCEDURAL HISTORY

On September 5, 2023, Plaintiff initiated this civil rights lawsuit by filing a Complaint and paying the filing fee. (Doc. 1). In the Complaint, Plaintiff names six Defendants:

(1)     ATF Agent Cain;

(2)     ATF Agent Graham;

(3)     ATF Agent McDermott;

(4)     ATF Agent Witmer;

(5)     ATF Agent Padilla;[2] and

(6)     Kingston Police Officer R. Miller ("Defendant Miller").

(Doc. 1, ¶¶ 2-7).

Plaintiff's claims stem from the execution of six search warrants that were authorized on January 19, 2022. (Doc. 1). Plaintiff asserts that on January 20, 2022, Defendants "subjected the Plaintiff to denial of due process and an unlawful search and seizure." (Doc. 1, ¶ 8).

According to Plaintiff's criminal docket, he was indicted on January 25, 2022, on a firearm and four drug charges.[3] On January 23, 2024, a Superseding Indictment

---

[2] We will refer to ATF Agents Cain, Graham, McDermott, Witmer and Padilla collectively as the "Federal Defendants."

[3] Indictment, *USA v. Rodriguez*, No. 3:22-CR-00023-RDM (M.D. Pa. Jan. 25, 2022), ECF No. 1.

was filed, charging Plaintiff with two firearm offenses and ten drug offenses, including Distribution and Possession with Intent to Distribute Fentanyl Resulting in Serious Bodily Injury and Death.[4] On May 29, 2024, Plaintiff's criminal defense counsel filed a Motion to Suppress Evidence appearing to relate to the warrants Plaintiff discusses in this case.[5]

In his Complaint, Plaintiff alleges that, on the warrants, the box was checked to indicate that,

> Pursuant to 18 U.S.C. § 3103a(b), I [the signing Magistrate Judge] find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (check the appropriate box).

(Doc. 1, ¶ 33). Plaintiff alleges that below this statement are two check boxes, one indicating "for ____ days (*not to exceed 30*)" and one indicating "until, the facts justifying, the later specific date of ____." (Doc. 1, ¶¶ 37-38). Plaintiff alleges that despite this "command" neither box was checked or filled out to indicate the length of the delayed notice. (Doc. 1, ¶¶ 35, 40).

Plaintiff asserts that he was not given a copy of any of the warrants or receipts identifying the property taken. As of the filing date of his Complaint, September 5,

---

[4] Superseding Indictment, *USA v. Rodriguez*, No. 3:22-CR-00023-RDM (M.D. Pa. Jan. 23, 2024), ECF No. 46.
[5] Motion to Suppress Evidence, *USA v. Rodriguez*, No. 3:22-CR-00023-RDM (M.D. Pa. May 29, 2024), ECF No. 86.

2023, Plaintiff indicates that, "as a matter of fact, [Plaintiff] never received from the 'Individual Defendant' and 'Five Federal Defendants' any 'notice' of the six warrants which he has been detained for approximately (18 months) creating an automatic and severe procedural due process violation to Plaintiff's civil rights." (Doc. 1, ¶ 42). Plaintiff also contends that he did not yet receive a receipt of the property taken. (Doc. 1, ¶ 43). Plaintiff alleges that Defendants "conspired against [him] to deprive him of his rights under color of law in wrongfully and unlawfully withholding the warrants and receipts of the property seized . . . ."[6] (Doc. 1, ¶ 46).

Plaintiff writes in his Complaint that,

> 12. Plaintiff alleges the direct responsibility of the "Individual Defendant" under the constitutional theories of the "fruits of the poisonous tree" Doctrine, "fruits of the poisonous tree Fifth Amendment" and interference with the due course of justice, as well as conspiracy claims, all as set forth in §§ 1983, 1985(3) and/or case law.
>
> . . . .
>
> 14. Plaintiff alleges the direct responsibility of the "Five Federal Defendants" under the constitutional theories of the "fruits of the poisonous tree" Doctrine and "fruits of the poisonous tree Fifth Amendment" and interreference with the due course of justice, as well as conspiracy claims to deprive Plaintiff of notice of the warrants in violation of the 14th Amendment.

(Doc. 1, ¶¶ 12, 14).

---

[6] Plaintiff also alleges the Assistant United States Attorney knew about and allowed Defendants to commit the due process violations he alleges. (Doc. 1, ¶¶ 47, 48).

Plaintiff asserts five claims:

(1) Conspiracy under 42 U.S.C. §§ 1983 and 1985(3) against all Defendants (Doc. 1, ¶¶ 53-59);

(2) Unreasonable Search and Seizure under 42 U.S.C. § 1983 against Defendant Miller (Doc. 1, ¶¶ 60-62);

(3) "Denial of Due Process/4th & 14th Amendment" under 42 U.S.C. § 1983 against all Defendants (Doc. 1, ¶¶ 63-66);

(4) Malicious Prosecution under 42 U.S.C. § 1983 against Defendant Miller (Doc. 1, ¶¶ 67-69); and

(5) Failure to Intercede under 42 U.S.C. § 1983 against Defendant Miller (Doc. 1, ¶¶70-73).

Plaintiff asserts he "has suffered damage as a result of the violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution" and that his "damages and injuries are a direct and proximate result of the actions of the defendants." (Doc. 1, ¶¶ 51, 52).

As relief Plaintiff requests compensatory, special, "exemplary (Punitive Damages)," and liquidated damages; a total monetary damage award of $ 25,000,000.00; attorney's fees; costs of suit; pre-judgment interest; "entry of judgment against the 'Individual Defendant' referenced in each Count and against the 'Five Federal Defendants' for their Constitutional violations as set forth above;" "an injunction enjoining the 'Individual Defendant' and the 'Five Federal Defendants from further damage to Plaintiff rights;" "an [sic] declaratory relief to cure the controversy of the Plaintiff causing the death by delivery by being the

person who supplied the deceased with the fatal pills;" any other relief deemed just and proper by this Court; and any Court Order needed to furnish Plaintiff with full relief. (Doc. 1, ¶ 73).

On December 11, 2023, the Federal Defendants filed a Motion to Stay Civil Proceedings Pending Criminal Prosecution, (Doc. 17), and a Brief in Support, (Doc. 18). The Motion indicated that Defendant Miller concurs in the request. (Doc. 17, p. 2). On December 18, 2023, Plaintiff filed a Brief in Opposition. (Doc. 22). On January 2, 2024, the Federal Defendants filed a Reply Brief. (Doc. 25). The Motion is now ripe and ready for resolution.

### III.    DISCUSSION

Federal Defendants argue a stay in this case is appropriate "because the issues raised by Rodriguez in the instant action directly implicate Rodriguez's ongoing criminal prosecution and Rodriguez's collateral attack on his criminal charges through this civil proceeding would prejudice the United States' prosecution of Rodriguez . . . ." (Doc. 18, p. 2). Federal Defendants argue that the degree of overlap between Plaintiff's ongoing criminal prosecution and this civil case "cannot be overstated" and that Plaintiff is attempting to collaterally attack his open criminal case:

> Indeed, the entire basis for Rodriguez's claims questions whether Defendants' conduct was proper in the execution of six warrants during the criminal investigation of Rodriguez. Rodriguez specifically contends that that the Defendants, with the consent of the prosecuting

> Assistant United States Attorney, committed procedural due process violations by depriving and/or delaying him notice of the warrants and failing to provide him receipts of the items seized. (Doc. 1.) Rodriguez additionally alleges that because of these purported violations, "the warrants are now in question under 'fruits of the poisonous tree Fifth Amendment' and need to be dismissed and/or suppressed." (*Id*. at 10.) Further, Rodriguez claims that the Assistant United States Attorney prosecuting his criminal matter has wrongfully charged him with Distribution and Possession with Intent to Distribute Fentanyl Resulting in Serious Bodily Injury and Death and that the AUSA has exculpatory information related to this charge. (*Id*. at 10-11.) From these allegations, it is apparent that Rodriguez is attempting to collaterally attack his open criminal case.

(Doc. 18, pp. 6-7). Federal Defendants also argue that Plaintiff's requested relief, a judgment against Defendants for their violation of his constitutional rights and "declaratory relief to cure the controversy of the Plaintiff causing the death by delivery by being the person who supplied the deceased the fatal pills," (Doc. 1, ¶ 73), indicate Plaintiff's intention to use this civil case as a means to collaterally attack his criminal case, (Doc. 18, p. 7). Federal Defendants argue that the stay will not prejudice Plaintiff because the criminal prosecution is underway, and that *Heck*[7]

---

[7] In *Heck v. Humphrey*, the United States Supreme Court held that a litigant cannot assert a cause of action under § 1983 "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid" before having the conviction or sentence overturned. *Heck v. Humphrey*, 512 U.S. 477, 486, 489 (1994). This concept is sometimes referred to as the favorable termination rule, and it applies regardless of the relief sought, so long as success would necessarily imply the invalidity of a criminal conviction or sentence. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

may bar Plaintiff's civil claims depending on the outcome of his criminal prosecution. (Doc. 18, pp. 8-10).

Plaintiff's Brief in Opposition is largely non-responsive to Federal Defendants' arguments. (Doc. 22). In his Brief in Opposition, Plaintiff

> [c]ontends that since a violation of his Fourth and Fourteenth Amendments has been asserted against the Defendants as to following proper protocol and procedures concerning the warrants, this Court should "be dispositive of the issues" instead of "stay" the warrant issues which will directly affect the criminal case to the point of causing extreme prejudice towards the Plaintiff especially if the "dispositive issues" of the warrants are delayed from a resolution.
>
> Plaintiff contends the Defendants clearly violated numerous statutes and Rules on the execution of the warrants and providing notice to the "person" whose [sic] being searched and/or property being seized. Title 18 U.S.C. § 2705; Title 18 U.S.C. § 3103a; Fed. R. Crim. P. Rule 41(f)(1)(A)(B)(C)(3).
>
> Plaintiff contends this Court should 'stay' the criminal proceedings until the warrant issues are resolved because those issues alone will have an adverse effect on the Plaintiff's criminal case if the Court is not 'dispositive' on that issue.

(Doc. 22, pp. 7-8). Plaintiff "requests that this Court be dispositive of the issues concerning the warrants and deny the stay of placing those issues on hold which will cause more prejudice to the Plaintiff if not resolved now," and instead stay Plaintiff's criminal case. (Doc. 22, p. 8).

In response, Federal Defendants point out that Plaintiff's Brief in Opposition agrees that the issues raised in this case "directly implicate" Plaintiff's ongoing prosecution and that Plaintiff provides no authority in support of his argument that

this Court should stay Plaintiff's pending criminal case until the resolution of this civil suit. (Doc. 25, p. 3). Federal Defendants note that Plaintiff's Brief "entirely ignores the caselaw that states it is appropriate to stay a civil matter pending the conclusion of a criminal matter." (Doc. 25, p. 4).

For the reasons explained below, the Court will grant Federal Defendants' Motion to Stay.

"Inherent in the district court's power to control the disposition of civil matters appearing on its docket is the power to stay proceedings when judicial economy or other interests so require."[8] "A stay is an extraordinary measure, and the decision to impose a stay rests within the sound discretion of the district court."[9] Courts consider six factors when determining whether to stay a civil case pending the resolution of a related criminal proceeding:

> (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest.[10]

---

[8] *Barker v. Kane*, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[9] *Id.*

[10] *Shrey v. Kontz*, No. 10–CV–1420, 2011 WL 94416, at *1 (M.D. Pa. Jan. 11, 2011) (quoting *In re Adelphia*, 2003 WL 22358819, at *3); *see also Barker*, 149 F. Supp. 3d at 525-26.

The first factor, the degree of overlap between the pending civil and criminal cases, is considered "the most important threshold issue" in deciding the propriety of a stay.[11] In this case, we agree with the Federal Defendants that the overlap between this civil suit and Plaintiff's ongoing criminal prosecution cannot be overstated. As Plaintiff himself acknowledges, resolution of the issues in this case "will directly affect the criminal case." (Doc. 22, p. 7). There is a pending Motion to Suppress Evidence in Plaintiff's criminal case that appears to relate to the warrants Plaintiff discusses in this case.[12] Plaintiff also asks this Court to enter a declaratory judgment so that he cannot be charged with Distribution and Possession with Intent to Distribute Fentanyl Resulting in Serious Bodily Injury and Death.[13] Given the degree of overlap between this civil case and Plaintiff's pending criminal case, this factor weighs in favor of granting a stay.

As to the second factor, "[a] stay is most appropriate when criminal charges have been filed against the moving party."[14] Here, Plaintiff has already been charged, and as discussed above, has a Motion to Suppress Evidence relating to the warrants

---

[11] *State Farm Mut. Auto. Ins. Co. v. Beckham–Easley*, No. 01–5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002) (citing *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp.2d 523, 527 (D.N.J. 1998)).

[12] Motion to Suppress Evidence, *USA v. Rodriguez*, No. 3:22-CR-00023-RDM (M.D. Pa. May 29, 2024), ECF No. 86.

[13] Superseding Indictment, *USA v. Rodriguez*, No. 3:22-CR-00023-RDM (M.D. Pa. Jan. 23, 2024), ECF No. 46.

[14] *Barker*, 149 F. Supp. 3d at 527.

discussed in this case pending in his criminal case. This factor therefore weighs in favor of granting a stay.

The third factor requires the Court to examine the risk of prejudice to Plaintiff if Federal Defendants' Motion is granted and a stay is imposed. Plaintiff contends he will face "extreme prejudice" in his criminal case if this civil case is stayed because he is contending Defendants violated his constitutional rights and numerous statutes. (Doc. 22, pp. 7-8). Plaintiff "fails to indicate how this aspect of the instant action is relevant to the question of postponement," citing to no legal authority in support.[15] Furthermore, Plaintiff's concerns that he will be "extremely prejudiced" if we stay this case and allow his criminal case to proceed are simply unfounded. "[A] defendant who seeks to challenge some aspect of his criminal prosecution must assert such claims in the criminal case itself."[16] "Where a defendant is awaiting trial, the appropriate vehicle for his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c)."[17] Plaintiff is doing so, again, he has a pending Motion to Suppress Evidence in his criminal case relating to the warrants Plaintiff discusses in this

---

[15] *Barker*, 149 F.Supp.3d at 528.
[16] *Kaetz v. Unknown US Marshals*, No. 21-62, 2021 WL 6808287, at *3 (W.D. Pa. June 7, 2021), *report and recommendation adopted sub nom.*, *Kaetz v. Unknown U.S. Marshals*, No. 2:21-CV-62-NR-PLD, 2022 WL 357215 (W.D. Pa. Feb. 7, 2022).
[17] *Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008).

case.[18] That is the proper avenue for Plaintiff to challenge an aspect of his prosecution, including alleged constitutional violations and that he did not supply the deceased with the "fatal drugs."[19] (Doc. 1, p. 15). Insofar as Plaintiff seeks damages, the Supreme Court has found that in cases where a plaintiff seeks damages for civil rights violations,

> if a plaintiff files a [ ] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.[20]

Plaintiff suggests no other ways in which he would be prejudiced by a stay such that following common practice would be inappropriate, nor can the Court readily identify any. Accordingly, we find this claim weighs in favor of granting a stay.

As to the fourth factor, the burden on the Defendants, Federal Defendants do not identify any burden they may face if a stay is not granted in this case.[21] The Court will decline to hypothesize on their behalf. Therefore, we find this factor, at most, weighs slightly against granting a stay in this case.

---

[18] Motion to Suppress Evidence, *USA v. Rodriguez*, No. 3:22-CR-00023-RDM (M.D. Pa. May 29, 2024), ECF No. 86.
[19] *Kaetz*, 2021 WL 6808287, at *3.
[20] *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).
[21] The Federal Defendants do assert that Plaintiff's collateral attack on his criminal charges through this lawsuit would prejudice the United States' prosecution of him in his pending criminal case. (Doc. 18, p. 2). This may in fact be true, however the United States is not a defendant in this case.

Finally, regarding the fifth and sixth factors, the interests of the Court and the public, neither party assert any arguments relating to these factors. "Both the court and the public have a compelling interest in the efficient resolution of cases."[22] While the speedy resolution of a case may be a measure of efficiency, so too is the avoidance of dueling civil and criminal cases and potential for inconsistent and conflicting results that may undermine a criminal conviction. Further, the Court also has an interest in the efficient management of its caseload, and, as Federal Defendants argue, depending on the result in Plaintiff's criminal case, some or all of his claims could be barred by *Heck*, obviating the need to litigate those claims. Additionally, Plaintiff has already been indicted, alleviating concerns about the potential for a stay in this case to be of an indefinite nature. Accordingly, we find these factors weigh in favor of granting the stay.

On balance, the factors analyzed above weigh in favor of and support staying this civil case pending the resolution of the criminal case against Plaintiff. Thus, we will grant Federal Defendants' Motion to Stay.

## IV.   CONCLUSION

Accordingly, it will be ordered that:

(1)   Federal Defendants' Motion to Stay (Doc. 17) will be GRANTED.

(2)   This case, including the resolution of Defendant Miller's Motion to Dismiss, (Doc. 26), will be STAYED pending resolution of the open

---

[22] *Barker*, 149 F. Supp. 3d at 529.

(continued)

      criminal prosecution against Plaintiff at *USA v. Rodriguez*, No. 3:22-CR-00023-RDM (M.D. Pa. Jan. 25, 2022).

(3)    Federal Defendants will be ordered to file a letter to the Court notifying the Court that final judgment has been entered in Plaintiff's criminal proceedings within 7 (seven) days of entry of that final judgment.

(4)    All Defendants' deadline to respond to Plaintiff's Complaint will be STAYED until 30 (thirty) days after entry of final judgment in Plaintiff's criminal proceedings at *USA v. Rodriguez*, No. 3:22-CR-00023-RDM (M.D. Pa. Jan. 25, 2022).

An appropriate order will issue.

Date: September 30, 2024                    BY THE COURT

                                                *s/William I. Arbuckle*
                                                William I. Arbuckle
                                                U.S. Magistrate Judge